**REED, Admx., Plaintiff-Appellant, v. DETROIT, TOLEDO & IRONTON RAILROAD CO., Defendant-Appellant.**

Ohio Appeals, Second District, Fayette County.

No. 275. Decided June 3, 1955.

Nelson Lancione, Columbus, for plaintiff-appellant.

Melvin C. Light, Lima, for defendant-appellee, Detroit, Toledo & Ironton Railroad Company.

## OPINION

By THE COURT:

This is a law appeal from the judgment of the Common Pleas Court rendered in favor of the defendant upon an instructed verdict returned at the close of the plaintiff's case. The action was one for damages arising out of the collision between a truck being operated by the plaintiff's decedent and a train operated by the defendant-appellee, at a point where the railroad crosses State Route No. 70 in the village of Jeffersonville, Ohio.

The record reveals that Route No. 70 runs in an easterly and westerly direction and the railroad at this point crosses the highway at an angle of approximately 135 degrees, running in a southeasterly and northwesterly direction; that plaintiff's decedent was traveling east on said highway and the train was approaching from the southeast and traveling in a northwesterly direction. The plaintiff's decedent, therefore, had the benefit of the wide angle to see the approaching train. There was a row of four large trees on the south side of the road which might have obstructed the view of the decedent to his right, and the approaching train, but they did not extend to the crossing, the nearest one being some 60 or 70 feet from the same. Therefore, for this distance he had an unobstructed view of the approaching train coming not at a right angle, but at the wide angle previously indicated. The Court instructed

the jury that the plaintiff's decedent was negligent as a matter of law in not observing the approaching train and stopping his truck in a place of safety citing Patton v. Pennsylvania Rd. Co., 136 Oh St 159; Bowman v. B. & O. Rd. Co., 86 Oh Ap 129; Lawrence v. Toledo Terminal Rd. Co., 154 Oh St 335; Price v. New York Central System, 42 O. O. 469, decided by the U. S. Court for the Northern District of Ohio. The syllabus of the latter case seems to epitomize the Ohio law quite clearly on the issue of contributory negligence.

"2. The traveler upon a highway when approaching a railroad crossing must look and listen for the approach of trains before crossing, and he must look and listen at a place and in a manner that will make the looking and listening effective.

"3. The duty to look and listen effectively is not fulfilled by merely looking and listening at a point some ten feet or more from the beginning of the intersection.

"4. Where the danger at a railroad crossing is increased by conditions obstructing the vision, greater care and caution are imposed upon one about to pass over such crossing."

The Ohio cases cited supra are all applicable to the factual situation here presented and the Court did not err in its conclusion.

The appellant urges in her fourth assignment of error that the Court committed prejudicial error in admitting the testimony of the decedent's employer upon cross-examination to the effect that the decedent was familiar with the crossing. He testified that the decedent had traveled the same route at least once a week since the latter part of September, the accident occurring on December 17th of the same year. This testimony was pertinent and relative to the issues presented and clearly admissible. The Court properly excluded the testimony and evidence proffered in assignments 2, 3 and 5, which consisted of a resolution by the village council requesting that flashers be installed for the crossing and correspondence between certain State Highway officials and of the Federal Government beginning on March 5, 1954, and extending over a period of several months with reference to the condition of the crossing and suggested improvements. This certainly was not the best evidence available to establish the condition of the crossing on December 17, 1951.

The fifth assignment of error relates to the Court's refusing to permit a witness to testify concerning a remark he made just prior to the accident to the effect that the driver of the approaching truck did not hear the train's whistle and that there was going to be an accident. This was a mere conclusion on his part and was properly rejected by the Court.

We have examined the reason given by the Court to the jury for directing its verdict in favor of the defendant and find it is fully supported by the uncontroverted evidence and the law applicable thereto. It would serve no useful purpose for us to elaborate further on the same.

Finding no prejudicial error in the record, the judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.